IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARVASE SPELL,                          )
                                        )
            Plaintiff,                  )
                                        )
    vs.                                 )   Civil Action No. 09-091
                                        )
COMMONWEALTH OF                         )
PENNSYLVANIA MAG. DIST. #05-2-11        )
and HON. ROBERT L. BARNER,              )
                                        )
            Defendants.                 )
                                        )

AMBROSE, Chief District Judge

# OPINION AND
# ORDER OF THE COURT

### Synopsis

Plaintiff Marvase Spell, brings this *pro se*, *in forma pauperis* action against Defendant Pennsylvania Magisterial District #05-2-11 (the "District") and the Honorable Robert L. Barner ("Barner") alleging civil rights violations. For the reasons set forth below, I grant Defendants' motion to dismiss.

### I. Applicable Standards

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). "The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim." Williams v. Sebek, 2007

WL 790386, at *1 (W.D. Pa. Mar. 14, 2007) (citing Neitzke v. Williams, 490 U.S. 319 (1989)). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

Moreover, "complaints filed by *pro se* litigants must be liberally construed." Tate v. Morris Cty. Prosecutors Office, 284 Fed.Appx. 877, 879 (3d Cir. 2008). The Third Circuit has further directed that "district courts in this circuit must grant leave to amend before dismissing a *pro se* civil rights complaint, even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason." Id.

Because Plaintiff is proceeding *in forma pauperis*, the Prison Litigation Reform Act, 28 U.S.C. § 1915, also applies. "Under that statute, a court shall dismiss an action if it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief." Retzler v. Bristol Township, 2009 WL 632934, at *2 (E.D. Pa. Mar. 9, 2009); see also, Tate v. Morris Cty Prosecuters Office, 2007 WL 1140469, at *2 (D. N.J. Apr. 17, 2007), aff'd in relevant part, 284 Fed. Appx. 877 (3d Cir. 2008).

**II. Factual Allegations**

The following allegations are set forth in the single-page Complaint, dated January 26, 2009 [Docket No. 3].

On October 17, 2002, Plaintiff was arrested and/or given a citation for public intoxication. Plaintiff made his final payment on the citation on July 1, 2004.

On October 29, 2008, when Plaintiff arrived home at approximately 8:30 p.m., he noticed some type of paper taped to his front screen door. The paper informed Plaintiff that a warrant had been issued for his arrest and directed him to contact Constable Michael Savulak. Plaintiff

2

contacted the Constable via telephone at 8:51 p.m, and was informed that the Constable had the arrest warrant in his possession. Plaintiff requested time to check his records. Plaintiff then called the Constable to explain that he had the receipt for his payment of the citation. The Constable informed Plaintiff that he needed to speak with the clerk of the court to resolve the matter.

Plaintiff contacted the clerk of the court the next day to "no avail." Plaintiff alleges that Defendants violated his civil rights by "subjecting [him] to discrimination, racial profiling, judicial prejudice, double jeopardy and multiple punishment and harassment."

### III. Defendants' Motion To Dismiss

Defendants have moved to dismiss the Complaint on the grounds that they are entitled to absolute immunity from suit and because they are not "persons" subject to liability under section 1983. Because I agree that Defendants are immune from liability under the Eleventh Amendment and the doctrine of absolute judicial immunity, I grant Defendants' motion to dismiss.

#### A. Defendant Barner

While the Complaint does not make specific allegations regarding the actions of the two Defendants, Defendant Barner interprets the Complaint to allege that he was the Magisterial District Judge who issued the arrest warrant against Plaintiff. (Def. Mem. [Docket No. 7], at 1.) Plaintiff does not dispute this interpretation. (Pl. Mem. [Docket No. 8].)

The doctrine of judicial immunity is well-established. "The United States Supreme Court has made clear, as early as 1872, that judges 'are not liable in civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done

3

maliciously or corruptly.'" Martin v. Bicking, 30 F. Supp.2d 511, 512 (E.D. Pa. 1998) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1872)). "This judicial immunity is 'immunity from suit, not just from an ultimate assessment of damages.'" Id. (quoting Mireles v. Waco, 502 U.S. 9, 11 (1991)). Therefore, judicial immunity can not be overcome by allegations of bad faith or malice. Id. (citing Pierson v. Ray, 386 U.S. 547, 554 (1967)). "The doctrine of judicial immunity applies equally to courts of limited jurisdiction, such as district justices, as to courts of general jurisdiction." Id.[1]

Immunity does not apply in only two limited circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's official capacity"; or (2) for actions, albeit "judicial in nature, taken in the complete absence of all jurisdiction." Martin, 30 F. Supp.2d at 512; see also, Carpenter v. Cohen, 2008 WL 268056, at *3 (E.D. Pa. Jan. 28, 2008) (same). "Whether an act falls within the scope of judicial action depends upon the nature of the act itself, i.e., whether it is a function normally performed by a judge, and the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Retzler, 2009 WL 632934, at *2 (internal quotations omitted).

Here, Plaintiff alleges that Barner acted maliciously or negligently and in violation of his civil rights in issuing the arrest warrant against him. Under Pennsylvania law, magisterial district judges are given jurisdiction over summary offenses and preliminary matters in other criminal proceedings. Martin, 30 F. Supp.2d at 512-13 (citing 42 Pa.C.S. § 1515). Plaintiff does not allege any conduct on the part of Barner beyond his issuance of the arrest warrant. Accordingly,

---

[1]District Justices are now called "Magisterial District Judges." Retzler v. Bristol Twp., 2009 WL 632934, at *2 n.1 (E.D. Pa. Mar. 9, 2009).

4

Barner acted within his jurisdiction in issuing the arrest warrant for nonpayment of the summary citation. Accepting the allegations in the light most favorable to Plaintiff, even if the decision to issue the warrant had been made maliciously, negligently, or contrary to law, the doctrine of judicial immunity would bar Plaintiff's action. See Hudson v. McKeesport Police Chief, 244 Fed.Appx. 519, 522 (3d Cir. 2007) (claims that Magistrate violated the plaintiff's rights while presiding over the criminal proceedings that resulted from his arrest "all relate to the Magistrate's performance of his judicial duties and are, therefore, barred by judicial immunity"); Retzler, 2009 WL 632934, at *3 (granting motion to dismiss where allegations of bias or vindictiveness on part of judge do not warrant applying exceptions to the doctrine of judicial immunity); Martin, 30 F.Supp. 2d at 513 (dismissing civil rights action against magisterial district judge as barred by doctrine of judicial immunity where the plaintiff alleged that the judge was aware that charges against him were procedurally deficient).

Accordingly, because the doctrine of judicial immunity applies to bar this action against Defendant Barner, I grant Barner's motion to dismiss the Complaint against Barner.

### B. Defendant District

"The Supreme Court has consistently held that the Eleventh Amendment immunizes an unconsenting state from suits brought in federal court by its own citizens as well as by citizens of another state." Benn v. First Judicial Dist. of Pennsylvania, 426 F.3d 233 (3d Cir. 2005); see also, Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)("Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant....") "By statute Pennsylvania has specifically withheld consent:

Federal courts. Nothing contained in this subchapter shall be construed to waive

the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."

Laskaris, 661 F.3d at 25 (quoting 42 Pa.Cons.St.Ann. § 8521(b)). Further, the Third Circuit has "held that various Pennsylvania agencies and entities are entitled to Eleventh Amendment immunity even though the state itself has not been named as a defendant." Benn, 426 F.3d 239. This includes "all courts and agencies of the unified judicial system." Id. at 240; Callahan v. City of Philadelphia, 207 F.3d 668, 671 (3d Cir. 2000) ("All courts and agencies of the unified judicial system. . .are part of "Commonwealth government" and thus are state rather than local agencies").

The Magisterial District courts are part of the unified court system.[2] Accordingly, the District has Eleventh Amendment immunity which functions as an absolute bar to Plaintiff's claim. See Benn, 426 F.3d at 241 (affirming grant of summary judgment dismissing action against Judicial District).[3]

## IV. Plaintiff's Right to Amend the Complaint

The claims as alleged are barred by the doctrine of judicial immunity and the Eleventh Amendment. If the Plaintiff feels that he has other valid claims or allegations against the Defendants which would not be barred, he may amend the Complaint within twenty (20) days of

---

[2]The Third Circuit noted that the plaintiff in Callahan "seems to recognize that the judicial defendants are state entities. Indeed he has sued them as "Commonwealth of Pennsylvania" in each instance before describing them in more detail." 207 F.3d at 672. I make the same observation herein, where the District has been sued as "Commonwealth of Pennsylvania Magisterial District #05-2-11."

[3]While the Eleventh Amendment completely disposes of Plaintiff's claim against the District, the claim would also be subject to dismissal since the District is not a "person" subject to suit under § 1983. See Callahan, 207 F.3d at 673 (judicial defendants are not "persons" for section 1983 purposes).

6

the date of this Order.  Application for dismissal of the action may be made if a timely amendment is not forthcoming.

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is granted.

**ORDER OF COURT**

Having carefully considered Defendants' motion to dismiss the Complaint [Docket No. 6], and Plaintiff's opposition thereto [Docket No. 8], it is hereby ORDERED that Defendants' motion to dismiss is GRANTED.  Plaintiff may file an amended complaint within twenty (20) days of the date of this Order.

Date: May 19, 2009

                                       BY THE COURT:

                                       /s/ Donetta W. Ambrose
                                       Donetta W. Ambrose,
                                       Chief U.S. District Judge